**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

MARIA C. GUTIERREZ,

    Plaintiff,

v.

AVENTURA BEACH CLUB CONDO
ASSOCIATION, INC. D/B/A RAMADA
PLAZA BY WYNDHAM MARCO POLO
BEACH RESORT,

    Defendant.
_____/

## COMPLAINT

Plaintiff, MARIA GUTIERREZ, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues AVENTURA BEACH CLUB CONDO ASSOCIATION, INC. D/B/A RAMADA PLAZA BY WYNDHAM MARCO POLO BEACH RESORT (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12131, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 C.F.R. Part 35, incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in § 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12131, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12131, et seq.

4. Plaintiff, MARIA C. GUTIERREZ, is an individual over eighteen years of age, who splits her time between California, and Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC., owned and operated a commercial hotel located at 19201 Collins Avenue Sunny Isles Beach, Florida 33160 (hereinafter the "Commercial Property").

6. At all times material, Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC., was and is a Florida Corporation, organized under the laws of the state of Florida, with its principal place of business in Sunny Isles, Florida. Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC., holds itself out to the public as "RAMADA PLAZA BY WYNDHAM MARCO POLO BEACH RESORT."

7. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Sunny Isles Beach, Florida, Defendant regularly conduct business within Sunny Isles, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Sunny Isles Beach, Florida.

FACTUAL ALLEGATIONS

8. Although over thirty (30) years have passed since the effective date of Title II of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against

people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the restaurant business therein.

10. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11. Plaintiff, MARIA C. GUTIERREZ, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, MARIA C. GUTIERREZ, uses a wheelchair to ambulate. Plaintiff is unable to walk and/or stand for long periods of time without the use of a wheelchair. She is limited in major life activities, such as walking and standing.

12. Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC., owns, operates and/or oversees the Commercial Property, its general parking lot/or and parking spots specific to the hotel business therein, located in Sunny Isles Beach, Florida.

13. She is frustrated and disheartened by the repetitiveness of the complaints that mobility-impaired individuals have been forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Ms. Gutierrez is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

14. The subject Commercial Property is open to the public and is located in Sunny Isles Beach, Florida. The individual Plaintiff visited the Commercial Property, as a patron/customer, to include a stay at the property on October 1, 2022 through October 9, 2022 and encountered multiple violations of the ADA that directly affected her ability to use and enjoy the property. She plans to return to and visit the Commercial Property, in order to avail herself to the goods and services offered to the public at the Commercial Property, if the property become accessible.

15. Ms. Gutierrez plan to return to the Sunny Isles Beach area on or about June 21, 2023 during a subsequent trip to Miami. She intends to revisit the Defendant's places of public accommodation, not only as a patron and business invitee, but also to monitor any progress made with to respect to ADA compliance - she sincerely hopes that his return is not made in vain. Ms. Gutierrez spends much of her time in Miami-Dade and Broward County, Florida and in the same state as the Commercial Property, because her two (2) children and grandchildren two (2) reside there, not to mention her sister resides in Miami, Florida also. She intends to return to the property at least twice within six (6) months' time of the filing of this Complaint, as stated above.

16. The Plaintiff, MARIA C. GUTIERREZ, found the Commercial Property to be rife with ADA violations. The Plaintiff, MARIA C. GUTIERREZ, encountered architectural barriers at the Commercial Property and wishes to continue his patronage and use of the premises.

17. The Plaintiff, MARIA C. GUTIERREZ, has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and business therein. The barriers to access at Defendant's Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered her safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, MARIA C. GUTIERREZ, and others similarly situated.

18. Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC, owns and/or operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC, is also a public entity as defined by 28 CFR Part 35. Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC, is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, AVENTURA

BEACH CLUB CONDO ASSOCIATION, INC., owns and/or operates is the Commercial Property located at 19201 Collins Ave, Sunny Isles Beach, FL 33160.

19. Plaintiff, MARIA C. GUTIERREZ, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located within the Commercial Property, not only to avail himself of the goods and services available at this Commercial Property, but to assure herself that the property and business therein are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

20. Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## ADA VIOLATIONS

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, AVENTURA BEACH CLUB CONDO ASSOCIATION, INC, has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other business located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendant has discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's Commercial Property and restaurant business within the Commercial Property, include, but are not limited to, the following:

A. <u>Guest Room - 939</u>

i. Doorway has a 1" vertical change of level at door threshold, violating ADAAG Section 4.13.8 and 2010 ADA Section 404.2.5.

ii. Cabinet encroaches over maneuvering clearance on the pull side of the door, violating ADAAG Section 4.13.8 and 2010 ADA Section 404.2.5.

iii. Security hardware is mounted beyond required reach allowed for approach provided and is mounted at 53" above the finished floor, violating ADAAG Section 4.2.5 and 2010 ADA Section 308.3.

iv. Clothes rod is mounted beyond required reach allowed for approach provided and is mounted at 62" above the finished floor, violating ADAAG Section 4.2.5 and 2010 ADA Section 308.2.1.

v. Kitchen sink counter does not have the required knee clearance, violating ADAAG Section 4.19.2 and 2010 ADA Section 804.3.1.

vi. Kitchen sink counter does not provide the required toe clearance, violating ADAAG Section 4.19.2 and 2010 ADA Section 804.3.1.

vii. Kitchen counter is mounted at 35.75" above the finished floor to the top, violating ADAAG Section 4.19.2 and 2010 ADA Section 804.3.2.

viii.  Microwave controls are mounted at 70.25" above the finished floor, violating ADAAG Section 4.2.5 and 2010 ADA Section 804.6.2.

ix.  Sink does not have the required clear floor space, violating ADAAG Section 4.19.2 and 2010 ADA Section 804.4.

x.  Sink has unwrapped bottom pipes, violating ADAAG Section 4.19.4 and 2010 ADA Section 804.4.

xi.  Thermostat is mounted beyond required reach allowed for approach provided and is mounted at 64" above the finished floor, violating ADAAG Section 4.2.5 and 2010 ADA Section 308.2.1.

B.  <u>Guestroom Bathroom</u>

i.  Doorway opening has a clear width of 21.5", violating ADAAG Section 4.13.5 and 2010 ADA Section 404.2.3.

ii.  Non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating ADAAG Section 4.13.5 and 2010 ADA Section 404.2.3.

iii.  Maneuvering clearance on the pull side of the door is 35.75" wide for a parallel latch approach, violating ADAAG Section 4.13.6 and 2010 ADA Section 404.2.4.

iv.  Lavatory does not provide the required knee clearance, violating ADAAG Section 4.19.2 and 2010 ADA Section 606.2.2.

v.  Lavatory is mounted at 34.25" above the finished floor to top of rim, violating ADAAG Section 4.19.2 and 2010 ADA Section 606.3.

vi.  Lavatory mirror is mounted at 42.5" above the finished floor to bottom edge of its reflecting surface, violating ADAAG Section 4.19.6 and 2010 ADA Section 603.3.

vii.  Water closet is center a noncompliance distance from the wall, violating ADAAG

|       |                                                                                                                                 |
|-------|---------------------------------------------------------------------------------------------------------------------------------|
|       | Section 4.16.2 and 2010 ADA Section 604.2.                                                                                      |
| viii. | Lavatory encroaches over the water closet clearance, violating ADAAG Section 4.16.2 and 2010 ADA Section 604.3.2.               |
| ix.   | Water closet does not have a side wall grab bar, violating ADAAG Section 4.16.4 and 2010 ADA Section 604.5.1.                   |
| x.    | Water closet does not have a side wall grab bar, violating ADAAG Section 4.16.4 and 2010 ADA Section 604.5.2.                   |
| xi.   | Toilet tissue dispenser is mounted at non-compliant location, violating ADAAG Section 4.16.6 and 2010 ADA Section 604.7.        |
| xii.  | Water closet is encroaching into the shower clear floor space, violating ADAAG Section 4.21.2 and 2010 ADA Section 608.2.2.     |
| xiii. | Roll-in shower does not have grab bars, violating ADAAG Section 4.21.4 and 2010 ADA Section 608.3.1.                            |
| xiv.  | Sleeping Room with Roll-in shower does not provide the required folding seat, violating ADAAG Section 9.1.2 and 2010 ADA Section 608.4. |
| xv.   | Shower head is a fixed-type unit, violating ADAAG Section 4.21.6 and 2010 ADA Section 608.6.                                    |
| xvi.  | Roll-in shower stall has a 8" high curb, violating ADAAG Section 4.21.7 and 2010 ADA Section 608.7.                             |
| xvii. | Roll-in shower entryway is 56.5" wide, violating ADAAG Section 4.21.2 and 2010 ADA Section 608.2.                               |
| xviii.| Shower stall is 23.25" by 56.5" and does not have the required clear floor space, violating ADAAG Section 4.21.2 and 2010 ADA Section 608.2. |

xix. Standard roll-in shower controls are not mounted within the control area, violating ADAAG Section 4.21.5 and 2010 ADA Section 608.5.2.

xx. Clear floor space is 59" wide and does not provide the required diameter wheelchair turnaround space in room, violating ADAAG Section 4.2.3 and 2010 ADA Section 304.3.

C. <u>Women's Accessible Restroom by Main Lobby</u>

i. Lavatory mirror is mounted at a non-compliant height above the finished floor to bottom edge of its reflecting surface, violating ADAAG Section 4.19.6 and 2010 ADA Section 603.3.

ii. Toilet seat cover dispenser is mounted beyond reach ranges and is mounted behind the water closet, violating ADAAG Section 4.2.5 and 2010 ADA Section 308.2.1.

iii. Water closet side wall grab bar is mounted at non-compliant distance perpendicular from rear wall to centerline of its outer flange, violating ADAAG Section 4.16.4 and 2010 ADA Section 604.5.1.

iv. Water closet flush control is toward the wall side, violating ADAAG Section 4.16.5 and 2010 ADA Section 604.6.

D. <u>Pool Area</u>

i. There is a pool lift provided. Pool lift was out of service due to the lack of maintenance, violating 2010 ADA 1009.21n.

ii. There is no lower portion of the counter provided in the Pool Bar, violating ADAAG Section 7.2 and 2010 ADA Section 904.4.1.

iii. Clearance between doors in series is not compliant. Door provides an automatic door opener but it was out of service due to the lack of maintenance, violating ADAAG

9

Section 4.13.7 and 2010 ADA Section 404.2.6.

E. <u>Lobby</u>

i. There is no lower portion of the counter provided in the Lobby Cafeteria, violating ADAAG Section 7.2 and 2010 ADA Section 904.4.1.

ii. Table does not provide the required knee clearance, violating ADAAG Section 4.32.3 and 2010 ADA Section 902.2.

iii. The Lounge Bar by the Lobby has non-compliant knob-type door hardware, requiring grasping and turning of the wrist to operate, violating ADAAG Section 4.13.9 and 2010 ADA 4004.2.7.

iv. There is no lower portion of the counter provided at the Lounge Bar by the Lobby, violating ADAAG Section 5.2 and 2010 ADA Section 902.3lpc.

## RELIEF SOUGHT AND THE BASIS

24. The discriminatory violations described in this complaint are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, MARIA C. GUTIERREZ, from further ingress, use, and equal enjoyment of the Commercial Property and the business therein; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

25. The Plaintiff, and all other individuals similarly situated, have been denied access

to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendant's Commercial Property and the business within the Commercial Property; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

26. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendant has also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence

of auxiliary aids and services.

27. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendant.

30. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendant operates its businesses, located within the Commercial Property located in Sunny Isles Beach, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property and restaurant business to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, MARIA C. GUTIERREZ, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and Title II the Americans with Disabilities Act, 42 U.S.C. § 12131; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title II of the Americans with Disabilities Act.

Dated: December 13, 2022

                **GARCIA-MENOCAL & PEREZ, P.L.**
                *Attorneys for Plaintiff*
                350 Sevilla Avenue, Suite 200
                Coral Gables, Fl 33134
                Telephone: (305) 553-3464
                Facsimile: (305) 553-3031
                Primary E-Mail: ajperez@lawgmp.com
                Secondary E-Mails: bvirues@lawgmp.com

By:    /s/ Anthony J. Perez
       ANTHONY J. PEREZ
       Florida Bar No.: 535451
       BEVERLY VIRUES
       Florida Bar No.: 123713